*148 Tbe opinion of tbe Court was delivered by
O’Neall, J.
I suppose after tbe case of. The State vs. Youngblood, 2 McC. 241, it must be held that tbe statute of limitations (six months) applies to tbe offence of bog-stealing. If, however, it were res integra, I should hesitate much about so deciding. "N"
In this case it cannot help the prisoners. It is possible that by pleading it specially to the indictment, it might have been difficult for the State to have avoided the bar.
But pleading the general issue, and going to trial, made the case one which turned upon the facts, and when it was shown that the offence was committed 8th January, 1856,'there was no ground for the statute, and the whole case was resolved into the question whether the proof was receivable, as the indictment laid the offence on the 8th January, 1851.
There can be no plainer proposition in law, than that “ it is in no case necessary to prove the precise day or even year laid in the indictment, except when the time enters into the nature of the offence.” 1 C. 0. L. 224. It is plain that here time has nothing to do with the nature of the offence.
The other grounds in the case require no comment.
The motion is dismissed.
Wardlaw, Withees, WhitNer, MüNro, and G-lover, JJ., concurred.

Motion dismissed.